UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LEWIS,

        Petitioner,          Case No. 4:16-cv-11033
                                        Honorable Linda V. Parker

v.

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 6]; (2) DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

On March 18, 2016, Petitioner Maurice Lewis ("Petitioner"), a Michigan Department of Corrections prisoner, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his no contest plea in the Circuit Court for Wayne County, Michigan, to two counts of assault with intent to commit murder and one count of commission of a felony with a firearm. The trial court sentenced Petitioner to 12 to 20 years for the assault convictions and a consecutive two years for the firearm offense. Petitioner raises two grounds in support of his request for habeas relief: (1) ineffective assistance of counsel when his attorney failed to advise him that by pleading no contest he was waiving his right to a trial, and (2) ineffective assistance of appellate counsel where his

appellate attorney advised him to dismiss his direct appeal despite Petitioner's protestations of innocence.

Respondent filed a motion to dismiss the habeas petition on August 29, 2016, arguing that Petitioner filed the petition beyond the applicable statute of limitations. (ECF No. 6.) Petitioner filed a response to the motion on October 12, 2016, asserting that he is entitled to equitable tolling because he is actually innocent. (ECF No. 9.) The Court is granting Respondent's motion and dismissing the petition with prejudice because Petitioner failed to comply with the applicable one-year limitations period set forth in 28 U.S.C. § 2244(d), and he fails to demonstrate entitlement to equitable tolling. The Court also is denying Petitioner a certificate of appealability and leave to proceed on appeal in forma pauperis.

## I. Background

Petitioner's convictions arise from the shooting of Craig Brown and Katrease Grantham on the evening of August 25, 2007.

At Petitioner's preliminary examination, Brown testified that he had bought a truck from Petitioner; however, Brown agreed to sell the truck back to Petitioner for $400 when Petitioner's wife told Brown it was her only means of transportation. (8/23/11 Tr. at 6-7, ECF No. 7-2 at Pg ID 134-35.) Petitioner's wife or her son had paid Brown $200 toward the purchase price. (*Id*. at 6-7, 28,

ECF No. 7-2 at Pg ID 134-35, 156.)  Petitioner agreed to pay the balance when he received his paycheck.  (*Id*. at 8, ECF No. 7-2 at Pg ID 136.)

On August 25, 2007, Petitioner and Brown were at a store and Petitioner gave Brown his cell phone to hold until the balance was paid.  (*Id*.)  At around six or seven o'clock that evening, Petitioner called Brown and instructed Brown to meet him at a particular location for the remaining payment.  (*Id*. at 10-11, ECF No. 7-2 at Pg ID 138-39.)  At the time, Brown was with his then-girlfriend, Grantham.  (*Id*. at 11, ECF No. 7-2 at Pg ID 139.)

At around 8:30 or 9:00 that evening, Brown and Grantham arrived at the location designated by Petitioner.  (*Id*.)  Petitioner already was there, sitting in the driver's seat of a two-door Ford Explorer.  (*Id*. at 12, ECF No. 7-2 at Pg ID 140.)  Petitioner blew the car horn and Brown and Grantham approached the Explorer.  (*Id*.)  Petitioner told Brown and Grantham to get in the car to go get Brown's money, and Petitioner exited the driver's seat to let them into the back seat.  (*Id*. at 12-13, ECF No. 7-2 at Pg ID 140-41.)  Someone named Ron was sitting in the front passenger seat of the Explorer.  (*Id*. at 13, ECF No. 7-2 at Pg ID 141.)

After Brown and Grantham were seated in the rear of the vehicle, Petitioner reached down, grabbed a gun from under the driver's seat, and began firing shots at Brown and Grantham.  (*Id*. at 14, ECF No. 7-2 at Pg ID 142.)  Ron jumped out of the car and ran.  (*Id*. at 15, ECF No. 7-2 at Pg ID 143.)  Petitioner then exited

-
-

the Explorer and began to run down the street, with Petitioner following Brown and firing shots in Brown's direction. (*Id*. at 16-18, ECF No. 7-2 at Pg ID 144-46.) Petitioner eventually stopped pursuing Brown and Brown made it to his uncle's house, who transported Brown to the hospital. (*Id*. at 19, ECF No. 7-2 at Pg ID 147.) Brown was shot multiple times. (*Id*. at 21, ECF No. 7-2 at Pg ID 149.)

Grantham also testified at the preliminary examination. She provided essentially the same description of the incident as Brown. (*Id*. at 43-47, ECF No. 7-2 at Pg ID 171-75.) Grantham further testified that when Brown got out of the Explorer and started running, with Petitioner chasing him, she jumped out of the vehicle and landed on the ground. (*Id*. at 48, ECF No. 7-2 at Pg ID 176.) Grantham could not feel her legs. (*Id*.) According to Grantham, after Petitioner stopped chasing Brown, he came back to where she was laying, demanded his cell phone, which was near her, pointed the gun at the back of her head, and pulled the trigger. (*Id*. at 48-49, ECF No. 7-2 at Pg ID 176-77.) The gun did not fire, but clicked. (*Id*.) Petitioner then fled the scene in the Explorer. (*Id*. at 49-50, ECF No. 7-2 at Pg ID 177-78.)

Grantham was shot nine times. (*Id*. at 52, ECF No. 7-2 at Pg ID 180.) She was in a coma for two weeks following the incident and was left paralyzed from the waist down. (*Id*. at 51, ECF No. 7-2 at Pg ID 179.)

On March 2, 2012, Petitioner pled no contest to two counts of assault with intent to commit murder and one count of felony firearm, with a sentencing agreement of twelve to twenty years' imprisonment for the assault convictions and a consecutive term of imprisonment of two years for the firearm charge. (3/2/12 Tr. at 5-7, ECF No. 7-8 at Pg ID 282-84.) On March 16, 2012, the trial court sentenced Petitioner under the terms of the plea agreement. (3/16/12 Tr., ECF No. 709.)

Petitioner sought and received the appointment of appellate counsel. (*See* Register of Actions at 5, ECF No. 7-1 at Pg ID 122.) On August 1, 2012, however, Petitioner signed a stipulation allowing appellate counsel to withdraw and to discontinue direct appellate review. (*Id.*; *see also* ECF No. 7-13 at Pg ID 354.) Petitioner never filed a direct appeal from his conviction or sentence.

On April 8, 2014, Petitioner filed a motion for relief from judgment in the trial court. (ECF No. 7-11.) Petitioner raised the same claims in his motion that he raises in his current habeas petition. The trial court denied the motion in a July 18, 2014 order. (ECF No. 7-12.)

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. On October 16, 2014, the Michigan Court of Appeals denied Petitioner's application in a standard order. *People v. Lewis*, No. 323536 (Mich. Ct. App. Oct. 16, 2014). Petitioner applied for leave to appeal to the

Michigan Supreme Court. On July 28, 2015, the Michigan Supreme Court denied the application. *People v. Lewis*, 866 N.W.2d 430 (Mich. 2015). Petitioner filed a motion for reconsideration, which the Supreme Court denied on December 22, 2015. *People v. Lewis*, 872 N.W.2d 434 (Mich. 2015).

Petitioner signed and dated his current application for habeas relief on March 15, 2016, and it was filed on March 18, 2016. (ECF No. 1.)

**II.  Discussion**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In considering a motion for summary judgment, the court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). A petition for writ of habeas corpus filed after the limitations period expires must be dismissed. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case, as Petitioner does not assert that any other starting point applies and no other starting point appears in the record. Under § 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." "Direct review," for purposes of this provision, concludes when the availability of direct appeal to the state courts and to the United States Supreme Court is exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under Michigan Court Rule 7.205(G), the time for Petitioner to seek direct review expired September 12, 2012, six months after the March 16, 2012 entry of his judgment of sentence, with Petitioner not seeking direct review. Therefore, the statute of limitations lapsed one year later, on September 13, 2013.

Petitioner filed post-conviction motions in the state trial court on April 8, 2014, almost seven months after the statute of limitation expired. The filing for state post-conviction review does not reset the limitations period, however. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner's application for the writ of habeas corpus therefore is time-barred unless he demonstrates grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner asserts that he is entitled to equitable tolling because he is actually innocent.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll AEDPA's one-year limitations period. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). Furthermore, a credible claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Souter*, 385 F. 3d at 590; *Schlup*, 513 U.S. at 324. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Souter*, 385 F. 3d at 590; *Bousley*, 523 U.S. at 623. A credible declaration of guilt by another also may establish factual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 340 (1992); *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner asserts that he is actually innocent because he shot the victims in self-defense. According to Petitioner, he "was in his vehicle when the victims attempted to rob him, and he acted in self-defense." (Pet.'s Resp. Br. at 2, ECF No. 9 at Pg ID 506.) Petitioner relies on three witness statements made to the police on the date of the shooting to show that he acted in self-defense. (*Id.* at 8, ECF No. 9 at Pg ID 512.) Petitioner attached the three statements to his habeas petition. (ECF No. 1 at 38-40.)

In the first statement, the witness indicates that she heard someone shouting about "them trying to rob him" just after she heard gunshots. (*Id.* at 38.) In the second statement, the witness states that he heard a male individual ask, "You trying to rob me?" (*Id.* at 39.) The witness then saw the individual open the driver's door, bend in and reach for something, and start to shoot through the window. (*Id.*) According to this witness, someone then exited the vehicle and began to run across the field, with the shooter shooting at him four to six times. (*Id.*) The final witness told the police the driver yelled about being robbed and then shot at a black male running away from the vehicle and into the vehicle at a black female. (*Id.* at 40.) The witness went on to describe how Petitioner "reloaded his pistol, pulled the [black female] out of the passenger seat, onto the street and drove off, running over the [black female]." (*Id.*)

These statements do not constitute new evidence, much less evidence that would make it "more likely than not that no reasonable juror would have convicted [Petitioner]" had he stood trial. *Bousley*, 523 U.S. at 623. Indeed, except for the indication that Petitioner shouted that he was being robbed, the statements largely corroborate the evidence presented at the preliminary examination. They indicate that Petitioner fired numerous shots at Brown and Grantham, continued to fire at Brown as he attempted to run away, and then returned to the vehicle and continued to shoot at Grantham. As such, this is neither the "rare" nor the "extraordinary case" where the Petitioner's claim of actual innocence provides a gateway to have an otherwise time-barred petition considered on the merits. *See Souter*, 395 F.3d at 590.

## III. Conclusion

For these reasons, the Court concludes that Petitioner filed his request for the writ of habeas corpus after the one-year statute of limitations expired and that he fails to demonstrate entitlement to equitable tolling. The Court, therefore, is granting Respondent's motion for summary judgment. Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the petitioner's claim(s) debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, the threshold is met if the petitioner shows that jurists of reason would find it debatable whether (1) the petitioner states a valid claim of the denial of a constitutional right, and (2) the district court was correct in its procedural ruling. *Id*. Jurists of reason could not debate the Court's holding that Petitioner's request for habeas relief is time-barred and that he is not entitled to equitable tolling.

The Court, therefore, is denying Petitioner a certificate of appealability. The Court also is denying Petitioner leave to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability and leave

to appeal in forma pauperis are **DENIED**.

                                                                        s/ Linda V. Parker
                                                                        LINDA V. PARKER
                                                                        U.S. DISTRICT JUDGE

Dated: December 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2016, by electronic and/or U.S. First Class mail.

                                                                        s/ Richard Loury
                                                                        Case Manager